*J. & J. W. Rodman, for appellant.   J. L. Scott, for appellee.*

---

### JOHN GORMAN *v.* SARAH L. GORMAN.

**Dower—Fixing Value of Dower.**

Where the widow has a dower interest in a house and lot which not being susceptible of being partitioned has to be sold, her interest shifts to the proceeds of sale and it is error for the court to fix the value of her interest before sale.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

October 10, 1876.

OPINION BY JUDGE PRYOR:

The appellee has asked the chancellor to sell the house and lot, for the reason that to allot her dower by a division of the property would impair its value. The chancellor granted the prayer of the petition, but undertook to fix the value of the dower before the property was sold. This was error. She was entitled to her dower out of the proceeds of sale, and the amount the house and lot sold for must be regarded as its value for the purposes of the action.

· The judgment is *reversed* with directions to the court below to give the widow the value of her dower in money, estimating the value of the property at the price for which it was sold. In rendering the

former opinion affirming the case, the attention of the court was not called to this question.

*Russell & Helm, for appellant.*
*J. C. Walker, M. Mundy, for appellee.*